UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| JAMES COOLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 09-75-ART |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant, | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff James Cooley ("Cooley") brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security ("Commissioner") denying Cooley's application for disability insurance benefits ("DIB"). Because the Commissioner's decision was supported by substantial evidence, the Court denies Cooley's Motion for Summary Judgment, R. 7, and grants the Defendant's, R. 8.

## FACTUAL BACKGROUND

Born in 1951, Cooley alleges an inability to work beginning December 1, 2002. Transcript ("Tr.") at 35-37. Cooley has work experience as a store clerk, grocery stocker, cashier, and newspaper carrier. *Id.* at 41-42. In December 1999, doctors first diagnosed Cooley with diabetes. *Id.* at 37. Throughout 2002, 2003 and 2004, Cooley underwent treatment for diabetes, chronic obstructive pulmonary disease, and Hepatitis C. *Id.* at 37-39.

Most of Cooley's documented medical history is from after 2004. However, these medical

records are irrelevant to his determination of disability.  Because of Cooley's work history, his Social Security insurance ended December 31, 2004.  *Id.* at 17; 89-95.  "Thus, the claimant must establish disability on or before that date in order to be entitled to a period of disability and disability insurance benefits."  *Id.* at 17.

Dr. John Rawlings reviewed Cooley's medical records from December 2002 through December 31, 2004, and filed a report on March 20, 2007.  *Id.* at 481-89.  He determined that during that time period, Cooley could stand or walk with normal breaks for about six hours in an eight-hour work-day.  *Id.*  Dr. Timothy Gregg also examined Cooley's medical file and drew the same conclusions in a report dated June 15, 2007.  *Id.* at 522-29.

**PROCEDURAL HISTORY THROUGH THE ALJ HEARING**

Cooley filed an application for DIB on March 9, 2007, alleging disability since December 1, 2002.[1]  *Id.* at 84-88.  The Social Security Administration denied Cooley's application on April 25, 2007, *id. at* 48-51, then again upon reconsideration on June 19, 2007, *id.* at 54-56.  On June 26, 2007, Cooley filed a request for an administrative hearing.  *Id.* at 57-58.  On July 9, 2008, Administrative Law Judge ("ALJ") Andrew J. Chwalibog conducted Cooley's first hearing.  *Id.* at 33-44.  The ALJ took testimony from Cooley and a vocational expert Melissa Glannon ("the first VE").  *Id.*

Cooley testified that he was on his feet the entire day working as a store clerk.  *Id.* at 41.  The first VE testified that, according to the Dictionary of Occupational Titles ("DOT"), Cooley's

---

[1]  Cooley filed a prior application for Supplemental Security Income ("SSI") on November 4, 2003, alleging disability since December 1, 2002.  *Id.* at 17.  The claim was denied and no appeal was filed.  *Id.*

past work experience ranged from light to medium unskilled work. *Id.* at 43. The ALJ presented a hypothetical individual with Cooley's current restrictions and work history, and asked whether limiting such an individual to medium exertional work would affect past work. *Id.* The first VE testified that such a limitation would have no effect on Cooley's past work. *Id.* Cooley's counsel did not question the first VE. The ALJ then stayed the hearing in order to consult another medical expert about Cooley's residual function capacity ("RFC"). *Id.* at 44.

Between the two administrative hearings, Dr. Robert James Marshall reviewed Cooley's medical file and issued his findings in a report dated August 28, 2008. *Id.* at 547-53. He found that Cooley's impairment did not affect standing or walking, and that Cooley could stand or walk for eight hours in an eight-hour work-day and for one to two hours without interruption. *Id.*

On September 8, 2008, the ALJ conducted a second hearing and heard testimony only from a second vocational expert, Dwight McMillion ("the second VE"). *Id.* at 26. The ALJ presented a hypothetical person that could "stand or walk a total of eight hours out of an eight-hour day, one to two hours without interruption." *Id.* at 27. The second VE confirmed that such a person could do Cooley's previous work. *Id.* The second VE also provided examples of over 200,000 "light and sedentary level" routing and counter clerk jobs in the regional and national economy. *Id.* Cooley's attorney asked whether a hypothetical individual who could spend no more than two hours per day on his feet, with rest breaks five to ten minutes per hour, could perform Cooley's past work. The second VE testified that these restrictions would eliminate all work. *Id.*

3

## THE ALJ'S ANALYSIS FOLLOWING THE HEARING

In evaluating a claim of disability, an ALJ conducts a five-step analysis.  *See* 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, he is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled.  20 C.F.R. § 404.1520(f).

In this case, at Step 1, the ALJ found that Cooley did not engage in substantial gainful activity between his alleged onset date of December 1, 2002 and December 31, 2004.  Tr. at 19. At Step 2, the ALJ found that Cooley's medically determinable impairments, "chronic obstructive pulmonary disease and diabetes mellitus Type II" were "severe" based on the standards set forth in the Regulations, *see* 20 C.F.R. §§ 404.1521 *et seq*; Tr. at 19.  At Step 3, the ALJ found that Cooley's impairments did not meet one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1; *id.* at 20.  At Step 4, the ALJ found based on Cooley's medical records up until December 31, 2004, that Cooley possessed the RFC to perform his past relevant work.  *Id.* at 20-22. Alternatively, at Step 5, the ALJ determined that even if Cooley could not perform his past

4

relevant work, there were a significant number of light and sedentary jobs in the economy that Cooley could have performed in 2002-2004. *Id.* at 23. Accordingly, on October 27, 2008, the ALJ issued a decision that Cooley was not disabled, and therefore, not entitled to DIB. *Id.* Cooley appealed, but the Appeals Council found no basis to assume jurisdiction under its rules. *Id.* at 1-3. The ALJ's decision became the final decision of the Commissioner. *Id.*

Cooley timely filed a civil action in this Court. R. 1. The parties have filed cross-motions for summary judgment, *see* R. 7 and R. 8, which are now ripe for the Court's review.

## DISCUSSION

Cooley asks this Court to reverse the ALJ's decision because the ALJ's findings at Steps 4 and 5 were not based upon substantial evidence. First, he argues that the ALJ improperly determined that Cooley could perform his past relevant work (Step 4) based on a question that erroneously portrayed his medical condition. Second, Cooley argues the ALJ erroneously identified part-time work as alternative employment, when Step 5 requires full-time alternative employment to support a finding of "not disabled." *See* R. 7. Since both of Cooley's arguments are without merit, the Court denies Cooley's motion for summary judgment and grants the defendant's motion for summary judgment.

### Ability to perform past relevant work

Cooley challenges the ALJ's finding that before December 31, 2004, he could perform his past relevant work as a store cashier, which is defined as light, unskilled work. R. 7 at 3. At Step 4, "the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*

5

*v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003) (citation omitted).  The ALJ may rely on the requirements of the job as the claimant performed it, or on the requirements of the job as it is generally performed in the national economy.  *See Studaway v. Sec'y of Health & Human Serv.*, 815 F.2d 1074, 1076 (6th Cir. 1990).  The parties may produce substantial evidence through reliance on a vocational expert's testimony, but only "if the question accurately portrays [plaintiff's] individual physical and mental impairments." *Varley v. Sec'y of Health & Human Serv.,* 820 F.2d 777 (6th Cir. 1987).  Since the ALJ properly found that Cooley could perform his job as it is generally performed in the national economy, Cooley's argument fails.

Cooley asserts that between 2002 and 2004, he could not perform his past relevant work as he once performed it.  He argues that the ALJ erred by questioning the second VE about an individual who could stand for one to two hours without interruption, Tr. at 27, because in Cooley's actual job he was on his feet "the whole day."  *Id.* at 41-42.  However, Cooley must prove "an inability to return to his former *type* of work and not just to his former job." *Studaway*, 815 F.2d at 1076 (emphasis in original) (citation omitted).  Thus, Cooley's argument about his specific duties at his prior job are irrelevant.

Cooley also argues the ALJ improperly determined that Cooley could work as a store clerk under the general definition.  He claims that the ALJ incorrectly questioned the first VE about an individual who could perform medium work, while work as a store clerk is defined as light work.  R. 7 at 2-3.  While Cooley is correct that any hypothetical must accurately reflect his physical impairments, the ALJ did not base his Step 4 determinations on the response to that hypothetical.

6

An ALJ need not rely on any vocational testimony at Step 4 of the evaluation process. *See Smith v. Sec'y of Health & Human Serv.*, 893 F.2d 106, 110 (6th Cir. 1989). The ALJ here based his Step 4 decision on his RFC determination that Cooley could perform light, unskilled work. Tr. at 22. Further, the ALJ properly based his RFC determination on the medical records up until December 31, 2004, and the assessments of the medical experts that reviewed them. *Id.* This evidence showed that through December 2004, Cooley's diabetes was under control with medication, his current coronary artery disease had not developed, and his pulmonary function studies still showed no significant limitations. *Id.* Notably, Cooley does not dispute the ALJ's RFC finding that he can perform light work. Therefore, Cooley's argument that the ALJ relied improperly on the first VE's response to a hypothetical questions about medium work must fail.

Even if Cooley was correct about an ALJ error at Step 4 of the analysis, this error is harmless. An incorrect application of the regulations is harmless error when the correct application would not change the ALJ's ultimate decision. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). In the alternative to the finding at Step 4, the ALJ established at Step 5 that Plaintiff is not disabled under the Act. However, Cooley also challenges the ALJ's Step 5 determination.

**Ability to perform alternative work**

Cooley argues that the ALJ failed to meet his burden at Step 5 because he relied on the answer to another improper hypothetical question. Cooley asserts that the ALJ failed to specifically instruct the second VE to include only full-time jobs when considering alternative employment opportunities for Cooley. R. 7 at 4-5.

7

An ALJ can elicit and rely upon information from a vocational expert regarding availability of relevant alternative jobs. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 596 (6th Cir. 2006). Additionally, at Step 5 "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity." *Jones*, 336 F.3d at 474. To meet this burden, there must be "a finding supported by substantial evidence that [the plaintiff] has the vocational qualifications to perform specific jobs." *O'Banner v. Sec'y of Health, Educ. & Welfare*, 587 F.2d 321, 323 (6th Cir. 1978).

Cooley relies upon Social Security Ruling 96-8p, which explains that an individual's RFC must be based on "remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis... 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *2 (1996). Thus, Cooley asserts that the ALJ must make specific findings about his ability to perform alternative *full-time* jobs in order to prove that Cooley can still perform substantial work activity. This argument misconstrues Ruling 96-8p, which applies to RFC determinations, not Step 5 decisions.

Prior to Ruling 96-8p, the Sixth Circuit stated that the regulations regarded part-time work as "substantial work activity." *Conn v. Sec'y of Health & Human Serv.*, 51 F.3d 607, 610 (6th Cir. 1995) (citation omitted). The Sixth Circuit has not held that Ruling 96-8p affects what the ALJ must find at Step 5. The Seventh Circuit, however, has rejected an argument like Cooley's. *See Liskowitz v. Astrue*, 559 F.3d 736, 745 (7th Cir. 2009) (holding that a VE may testify as to the numbers of jobs that a claimant can perform without specifically identifying the percentage

8

of those jobs that are part-time).  Thus, Cooley's argument is rejected because it misinterprets the plain meaning of 96-8p.

Even if Cooley's interpretation of Ruling 96-8p were correct, Cooley's argument still fails because the ALJ's alternative work determination at Step 5 did contemplate an eight-hour, full-time work schedule.  The ALJ based his decision on testimony from VEs, who considered Cooley's ability to perform work in an eight-hour work-day.  *Longworth*, 402 F.3d at 596; Tr. at 22.  When asking the second VE to list alternative work for Cooley, the ALJ posed a hypothetical individual who could "stand or walk a total of eight hours out of the eight-hour work-day."  Tr. at 27.  Additionally, the medical experts all based their assessments of Cooley's condition on an eight-hour work-day.  *See id*. at 481-89, 522-29, 547-53.  Finally, the ALJ found Cooley could perform light work during his alleged period of disability, *id.* at 22;  the Social Security Administration defines "light" work as "standing or working, off and on, for a total of approximately 6 hours of an 8-hour workday."  Soc. Sec. Rul. 83-10p, 1983 WL 31251, at *6 (1983).  Thus the ALJ identified, based on substantial evidence, alternative full-time work Cooley could perform**.**

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

(1)     Plaintiff's Motion for Summary Judgment, R. 7, is **DENIED**;

(2)     Defendant's Motion for Summary Judgment, R. 8, is **GRANTED**; and

(3)     **JUDGMENT** in favor of the Defendant Commissioner will be entered

contemporaneously.

This the 23rd day of October, 2009.

Signed By:

*Amul R. Thapar*

United States District Judge